CASE 29—PETITION ORDINARY—FEBRUARY 4.

# Borron's adm'r vs. Landes.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

Where the plaintiff was in possession of a stray horse, which he had never posted, and which he had bailed to the defendant, the plaintiff was entitled, in an action for the recovery of the horse, to a judgment for the horse, if to be had; if not, for its value. (*Civil Code, sec.* 418.)

BRISTOW & PETREE, for appellant, cited 3 *Bibb*, 285; 1 *Ch. Pl.*, 120.

LANDES & RITTER, for appellee, cited *Civil Code, sec.* 879; *Sess. Acts*, 1861–2–3, *p.* 32; 17 *B. M.*, 563.

Borron's adm'r vs. Landes.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Appellee, being in possession of a stray horse, which he had never posted, bailed it to Borron, and he having failed to return the horse according to the bailment, this suit was brought, not upon the breach of bailment, but in the nature of a replevin.

Borron denied the title and right of possession in Landes, and upon this issue the trial was had.

At plaintiff's instance, the court instructed the jury that if they "believed, from the evidence, that Borron received the stray horse in 1860 of Landes under a contract to return him the following Christmas, and failed to return him according to contract, and his administrator yet has the horse, they should *find for the plaintiff the value of the horse at that time.*"

Whilst there can be but little doubt that the plaintiff has the right of action, founded upon the bailment, and the defendant, having received the horse from him, can be excused from a redelivery only by showing that some one else has manifested a superior title, yet the suit is for the recovery of the horse, and not its value; and if the jury believed that Landes bailed the horse to Borron, and he had retained the horse in violation of the bailment, they should have found for plaintiff as to the horse and also assessed the value, that a judgment might have been rendered plaintiff for the recovery of the horse, if to be had, and, if not, the value as assessed by the jury. Such judgment is specifically provided for by section 418, Civil Code, in this class of cases.

The title to the horse not being in the plaintiff, it cannot pass by these proceedings to defendant, and the real owner of the horse would not be barred by this judgment; hence, injustice may be done the defendant in the judgment as rendered. Had it been for the horse, if to be had, and if not, then the value as assessed by the jury, and the defendant had purposely withheld the horse, he would have no right to complain that he had been compelled to pay the value whilst he got no title.

For the error suggested the judgment is reversed, with direction to the court below to grant a new trial, and for further proceedings in conformity to this opinion.